# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 2, 1910.

## SAFE DEPOSIT AND TRUST COMPANY
### VS.
## CONVENTION OF THE P. E. CHURCH.

*Venable, Baetjer & Howard* for plaintiff.

*Jos. Packard, F. W. Story, Edward S. Rich, G. H. H. Emory, Wm. H. Maltbie, Thos. B. Mackall* and *B. Carter & Sons* for defendants.

NILES, J.—

After the candid admissions and illuminating discussion at the bar there is in this case practically but one question to be decided.

The Convention of the Protestant Episcopal Church of the Diocese of Maryland is a body corporate and by the Act of 1878, Chapter 403, it has the power "to receive by gift, devise or otherwise, contributions, in money, lands or other property and to hold the same" for such "general or special religious or charitable work or agencies within the said Diocese and now or hereafter under the jurisdiction, control or sanction of the said Convention as may be designated by the donor."

Richard T. Allison, by his will, bequeathed to this corporation a sum of money, "in trust for the uses and purposes following, to wit; to receive and possess the same, to invest and reinvest the same from time to time as may be necessary or advisable, to keep the principal or fund intact, as long as it can be legally and possibly done, as a memorial of my two deceased wives, Maria Key (Taney) Allison and Elizabeth B. (Philpot) Allison, to pay over the net annual income therefrom to the Rector for the time being of the Church of St. Michael and All Angels" and the Church of "The Messiah" (Gay and Fayette streets) equally, share and share alike, to be by said Rectors given in charity, food, fuel, clothing and (or) medicines to indigent persons residing or sojourning in Baltimore city who are suffering from want of these necessaries of life —to the hungry, the cold, the naked, the sick. I wish the distribution made each year after the 15th of January, when the pinch of poverty seems to me to be at its worst."

The question before alluded to as the only one before the Court is, whether this bequest is void by reason of its creating a trust unenforceable either because of indefiniteness of beneficiaries, or by reason of its infraction of the rule against perpetuities.

It is now settled law in Maryland that a bequest to a corporation for one of its corporate purposes will not be held void on the ground either of indefiniteness of beneficiaries or because of terms in the will requiring the bequest to be kept as a separate fund.

Baltzell vs. Church Home, 110 Md., 244, and cases there cited.

It is likewise settled that when a bequest is made to a corporation for purposes included within those for which it is chartered the mere use of the words "in trust" will not create a technical trust.

Woman's Foreign Miss. Soc. vs. Mitchell, 93 Md., 199.

Baltzell vs. Church Home, 110 Md., 244.

If, therefore, "the objects to which" Major Allison directed his bequest "to be applied, are such as" the Convention of the Protestant Episcopal Church of the Diocese of Maryland "was organized for," the bequest must be held valid.

These objects are certainly embraced within the term "general or special charitable work."

If then this charitable work is "under the jurisdiction, control or sanction of the said Convention," the bequest must be sustained.

The evidence shows that the two churches named and their rectors for the time being are in union with the Convention of the Protestant Episcopal Church of the Diocese of Maryland; that they are subject to the jurisdiction and control of the said corporation; that among the duties of these

rectors, as laid down in the canon law of the church, is the application by them, or under their superintendence of alms and contributions to such pious and charitable uses as shall by them be thought fit; that a report of the distribution of such alms and contributions is made to the convention through the Bishop annually, and that Major Allison was aware of the custom of the Protestant Episcopal Church — that alms should be distributed by the rector to the poor and needy, and for some years prior to his death had actually given, to the rectors of both these churches, money for this specific purpose.

In the light of such testimony it would seem impossible to hold that the distribution of such alms by such rectors, and so reported, was not charitable work under the "sanction" of the convention.

The bequest is, therefore, a valid one.